## EQUITABLE TRUST CO. OF NEW YORK v. DRASCOVICH et al.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925.)

### No. 4293.

Railroads ⬅197—Counsel of trustee foreclosing mortgage held not entitled to additional compensation out of accrued interest on fund held for bondholders.

In trustee's suit to foreclose railroad mortgage, in which special master was directed to distribute proceeds, after deduction of certain expenses, including liberal allowance to trustee's attorney, to bondholders in certain proportion to face of bond, trustee's counsel *held* not entitled to additional compensation out of interest which had accrued on fund for payment of unpresented bonds, since equitable right of bondholders who had not presented bonds was superior to counsel's claim for additional compensation.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Suit in equity by the Equitable Trust Company of New York, as trustee, against the Western Pacific Railway Company and others, to foreclose mortgage. On petition of the Equitable Trust Company of New York for additional compensation for Jared How, one of its counsel, opposed by S. Walter Drascovich and certain minority bondholders, represented by Messrs. Pillsbury, Madison & Sutro. Petition denied, and petitioner appeals. Affirmed.

See, also, 3 F.(2d) 724.

Jared How, of San Francisco, Cal., and Murray, Aldrich & Roberts, of New York City, New York, for appellant.

F. M. Angellotti, C. W. Dooling, and Pillsbury, Madison & Sutro, all of San Francisco, Cal., for appellees.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

MORROW, Circuit Judge. In the proceedings commenced March 2, 1915, by the Equitable Trust Company of New York to foreclose the mortgage executed by the Western Pacific Railway Company to secure bonds to the amount of $50,000,000, the property of the Western Pacific Company was sold by the special master on June 28, 1916, for $18,000,000. The sale was confirmed by decree of confirmation July 1, 1916. Out of this sum of $18,000,000, and interest accrued while the foreclosure proceedings were in progress, the court decreed the payment of all expenses in the proceedings, amounting approximately to the sum of $276,895, and a distribution of the remainder, amounting to $17,727,725.55, to bondholders presenting their bonds, in the percentage of $35.455451 per $100 face, and $354.55451 per $1,000 face of the amount of the bonds.

On August 29, 1916, and September 6, 1916, orders were entered by the court determining and ordering paid from the funds in the hands of the special master, among other items, the amount of compensation of the receivers, $70,000, and their counsel, $71,056.71; the compensation of the complainant, as trustee, $25,000; disbursements by complainant as trustee, $12,469; its counsel, compensation of $45,000; and for compensation of Jared How, as counsel for complainant, $25,000. From this report it appears that complainant incurred expense for compensation of counsel from the commencement of the suit on March 2, 1915, to August 29, 1916, amounting to $70,000. A more particular statement of the foreclosure proceedings in other particulars will be

found in Drascovich v. Equitable Trust Company of New York, 3 F.(2d) 724, just decided.

The present controversy is a petition of the Equitable Trust Company, the complainant in the foreclosure proceedings, for additional compensation of $3,500, to be paid by the special master to Jared How, one of the counsel, for services after August 29, 1916. This additional compensation is to be paid out of a fund remaining in the hands of the special master, which, in his third supplemental report, dated September 25, 1923, he stated was interest, amounting to $18,847.79, accumulated upon funds he held and had deposited on interest for the payment of bondholders who had not presented their bonds to the special master for payment prior to October 28, 1916.

In the lower court the attorneys representing these nonappearing bondholders objected to the payment of this claim out of funds belonging equitably to these nonappearing bondholders. They said: "We see no reason whatever why any part of this interest money should be paid to Mr. How, the attorney for the majority bondholders, as a fee or otherwise. The special master had his own attorney, Mr. Thomas. It does not appear that Mr. How was ever employed by the special master, nor does it appear from Mr. How's affidavit that he has ever performed any services on behalf of the bondholders in connection with this fund. The mere fact that the trustee for the majority bondholders is willing that Mr. How should receive $3,500 out of the fund seems to us to furnish no reason for its payment." The court disallowed the claim, and the complainant has appealed.

In Drascovich v. Equitable Trust Co. of New York we affirmed the decree of the District Court, holding "that funds left in the hands of the special master after October 28, 1916, and not withdrawn by the beneficiary entitled thereto, were funds belonging equitably to the beneficiaries in the proportionate distribution ordered, and if the special master, under the order of the court, kept such money on deposit in bank at interest, such interest belongs in equity to the beneficiaries identified by the order, whose money was left in the hands of the special master and earned the interest."

In this petition we are dealing with the same fund, and we must treat it in the same manner. Its equitable ownership has already been determined. It is the accumulated interest on bonds not presented to the special master prior to October 28, 1916, as distinguished from bonds that were present-ed and paid prior to that date. It is worthy of observation that counsel for the Equitable Trust Company, in their brief, recognized the impropriety of the trust company's taking part in this controversy, "because it could hardly help placing itself in hostility to some of the bondholders and favoritism to others." The explanation was made, however, that counsel for the trustee in his argument asserted that it was not to be understood as an argument in advocacy of the cause of any bondholder against any other, but was merely an attempt to aid the court to a just disposition of the interest money. This was the duty of the counsel under any circumstances, and does not, in our opinion, call for further compensation, in addition to the liberal compensation he had already received.

We may therefore place our affirmance of the decree of the lower court upon the ground that it does not appear that the claim is superior in its equity to that of the bondholders, in whose favor it has been decreed in Drascovich v. Equitable Trust Co., supra.